IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BENJAMIN MARTINEZ PORTILLO,    )
)
    Petitioner,    )
)
v.    )
)    1:26-cv-00656 (RDA/WBP)
JOSEPH SIMON, *et al.*,    )
)
    Respondents.    )

## ORDER

This matter comes before the Court on Petitioner Benjamin Martinez Portillo's ("Petitioner") Petition and Amended Petition for Writ of Habeas Corpus (Dkts. 1, 3) seeking release from Immigration and Customs Enforcement ("ICE") custody. This matter has been fully briefed, and this Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). For the reasons set forth below, the Court DENIES the Petition.

## I. BACKGROUND

Petitioner is currently being detained at the Farmville Detention Center in Farmville, Virginia. Dkt. 3 at 2. Petitioner is a native and citizen of Honduras. *Id.* at 3.

Petitioner was first encountered within the United States on August 15, 1999, in Texas. Dkt. 5-1 ¶ 6. Petitioner was released from custody and issued a Notice to Appear charging him with removability. *Id.* On October 24, 2000, Petitioner was ordered removed from the United States to Honduras. *Id.* ¶ 7. On November 1, 2003, Petitioner departed the United States to Honduras. *Id.* ¶ 8.

On December 29, 2012, Petitioner was again encountered in Texas. *Id.* ¶ 9. Petitioner was served a Reinstatement of Prior Order based on his prior removal. *Id.* On March 7, 2013,

Petitioner was removed to Honduras. *Id.* ¶ 10.

On September 15, 2015, Petitioner was again encountered in Texas. *Id.* ¶ 11. Petitioner was again served a Reinstatement of Prior Order based on his prior removal. *Id.* On September 21, 2015, Petitioner was removed to Honduras. *Id.* ¶ 12.

On June 14, 2019, Petitioner was again encountered, this time in New Mexico. *Id.* ¶ 13. Because Petitioner had custody of his minor child, who was not subject to a final order of removal, Petitioner was released on an order of supervision. *Id.*

On February 20, 2026, Petitioner appeared at the Immigration and Custom Enforcement ("ICE") Washington Field Office. *Id.* ¶ 14. At that time, ICE determined that Petitioner's circumstances no longer rendered his release appropriate, as his child had reached the age of majority. *Id.*

On February 20, 2026, the Department of Homeland Security ("DHS") issued Petitioner a Notice of Revocation of Release and placed Petitioner into civil immigration custody. *Id.* ¶ 15. On the same day, Petitioner was given an informal interview to respond to the reasons for the revocation of the Order of Supervision. *Id.* Petitioner declined to provide a statement and was subsequently served with the Reinstatement of Prior Order. *Id.*

On February 27, 2026, Petitioner claimed a fear of returning to Honduras. *Id.* ¶ 16.

On March 3, 2026, an asylum officer determined that Petitioner had not established a reasonable fear of persecution or torture. *Id.* ¶ 17. On March 10, 2026, an Immigration Judge affirmed the asylum officer's negative fear determination and returned the case to DHS for removal of Petitioner. *Id.* ¶ 18.

On March 6, 2026, Petitioner filed his initial Petition. Dkt. 1. On March 9, 2026, the Court issued its case opening Order and set a briefing schedule. Dkt. 2.

2

On March 12, 2026, Petitioner amended his Petition. Dkt. 3. Petitioner's Amended Petition asserts three counts: (i) a violation of the Immigration and Nationality Act ("INA"), arguing that Petitioner is subject to the provisions of 8 U.S.C. § 1226 rather than the provisions of 8 U.S.C. § 1225; (ii) a violation of the bond regulations applicable to Section 1226; and (iii) a violation of due process, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

On March 17, 2026, Respondents filed their Opposition arguing that the Amended Petition should be denied. Dkt. 5. Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1231 and that Petitioner has not been detained in excess of the presumptively reasonable period established in *Zadvydas*. *Id.*

On March 19, 2026, Petitioner filed his Reply. Dkt. 6. Petitioner essentially argues that his case is not governed by Section 1231 or *Zadvydas*. *Id.* Petitioner further argues that this Court should find that the revocation of his supervision was arbitrary and in violation of due process. *Id.*

On April 24, 2026, Petitioner filed a request for a status report from the Court. Dkt. 7.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

3

As a threshold matter, the Court notes that the Court's review of this matter was made more difficult by the failure of Petitioner's counsel to appropriately cite cases. The recitation of case names without identification of the associated reporter or other citation makes it difficult for the Court to review the cases relied upon by Petitioner. This District Judge reviews the case law cited by the parties, and the failure to include appropriate citations makes such review more time-consuming and difficult.[1]

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). The Court will address each of Petitioner's Counts in turn to see if they provide a basis for habeas relief.

A.    Section 1226 Claims (Counts One and Two)

As Respondents correctly note, there appears to be no basis to consider Petitioner's detention as being under Section 1225 or 1226 as Petitioner is subject to an order of removal. Dkt. 5. The INA provides DHS with ninety days within which to execute a removal order, during which time an alien is detained. 8 U.S.C. § 1231(a)(1). By statute and by regulation, such detention may

---

[1] Petitioner's counsel should keep this in mind when filing in this District. The initial Petition filed here was indecipherable in places where there appears to have been some kind of document conversion error. Dkt. 1. This led to the filing of the Amended Petition. Dkt. 3. Now, the Reply fails to appropriately to cases. Dkt. 6. Each such difficulty adds to the length of time it takes for the Court to complete its review of a case. The Court further notes that this District has been inundated by habeas petitions in addition to an increase in the number of ordinary civil cases that the Court must address—all in addition to the Court's ordinary criminal docket. Although the Court recognizes the particular sensitivities of habeas cases and attempts to address all cases before it expeditiously, the Court reviews all of the briefs submitted in each case and conducts its own research into the claims presented to ensure that all parties receive thorough consideration of their claims.

be continued beyond the ninety-day period. *Id.* § 1231(a)(6); 8 C.F.R §§ 241.4(a), (d). Indeed, Petitioner does not appear to dispute this, as the Reply does not address Section 1226 at all. Dkt. 6.[2] Accordingly, Petitioner has failed to carry his burden in this regard, and the requests for habeas relief in Counts One and Two will be denied.

B.    <em>Zadvydas</em> Claim (Count Three)

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good

---

[2] Petitioner notes that "the Court initially compared this matter to § 1225 detention cases such as *Ceba Cinta*." Dkt. 6. But the Court did so based on the allegations in the Petition, which Petitioner now seems to have abandoned. *See* Dkt. 1 at 12 (arguing that Petitioner should be considered detained under Section 1226 and not Section 1225).

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner has not been detained for anywhere near the length of time held to be presumptively constitutionally compliant in *Zadvydas*. Petitioner has been detained since February 20, 2026—well short of the six-month period recognized in *Zadvydas*. Dkt. 3 ¶ 43. Indeed, Petitioner now seems to have abandoned his *Zadvydas* claim as well, as Petitioner argues that the framework applies only to "post-order detention." Dkt. 6 at 2. Of course, Petitioner falls within such category because his prior order of removal has been reinstated, *again*. But there is no *Zadvydas* problem here as the presumptive period of detention has not expired, Petitioner provides no evidence that could overcome that presumption, and "the *Zadvydas* standard *is* due process" such that "a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Casteneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (emphasis in original). Accordingly, Petitioner has abandoned his *Zadvydas* claim in Reply, but, even if he had not, he has failed to carry his burden to establish any violation in this regard. Thus, the Petition with respect to Count Three is denied.

### C.    Revocation of the Order of Supervision

Having abandoned all of the claims actually raised by the Amended Petition, Petitioner attempts to strong arm a new argument—raised for the first time in Reply—into his generalized due process argument raised in Count Three. Count Three was framed as a due process argument but specifically made reference to *Zadvydas*. Dkt. 3 at 13. Nowhere in the Petition does Petitioner mention his new argument: namely, that he is entitled to release because his Order of Supervision was improperly revoked. Dkt. 6 at 3-5. Because this argument was not raised in the Petition, it is not properly before the Court. *See Ramirez-Giron v. Simon*, No. 1:26-cv-388, Dkt. 15, Order

6

entered April 15, 2026 (E.D. Va.).[3]

Even considering the arguments raised solely on Reply, Petitioner has not met his burden of establishing an entitlement to relief. As an initial matter, Petitioner incorrectly argues that he was not provided with a meaningful opportunity to respond and that he was not subject "to any documented individualized determination." Dkt. 6 at 3. This is belied by the records provided by Respondents, which establish that: (i) the basis for the Order of Supervision was Petitioner's custody of a minor child not subject to removal; (ii) ICE later determined that the formerly minor child had reached the age of majority; (iii) Petitioner was provided with a Notice of Revocation; and (iv) Petitioner declined the opportunity to respond. Dkts. 5-1, 5-2. Similarly, although Petitioner argues that there is "no evidence of changed circumstances," Dkt. 6 at 4, Petitioner does not dispute that the basis for supervision was the existence of a child who was a minor and who is no longer a minor. Moreover, Petitioner does not identify any procedural deficiencies regarding the revocation of his supervision. Those procedural irregularities, which are not argued to be present here, have been the basis for the decisions relied upon by Petitioner. *See, e.g., Serpas v. Simon*, 1:25-cv-2369-AJT-WBP, Dkt. 15, Order dated February 3, 2026 (E.D. Va.) (relying on the respondents failure to "comply with 8 C.F.R. § 241.4(l)(1), which requires them to provide a notice stating the reasons for the revocation or release and an informal interview to afford the noncitizen [an opportunity] to respond to the reasons for revocation"); *Pineda-Berrios v. Lyons*, 1:25-cv-2332-LMB-LRV, Dkt. 13, Memorandum Opinion dated February 11, 2026 (E.D. Va.) (relying on

---

[3] Petitioner's counsel is discouraged from raising new bases for habeas relief for the first time in reply. This does not properly put the issue before the Court and deprives Respondents of an opportunity to meaningfully address such arguments.

unavailability of "an opportunity to be heard").[4]  Even where there has been some sort of procedural violation of an agency's regulations, courts in this Circuit have held that not *every* violation of such regulations warrants habeas relief.  *See Unamzor-Chavez v. Noem*, 2025 WL 2467640, at *7 (D. Md. Aug. 27, 2025).  Accordingly, even if this issue was properly before the Court (which it is not), Petitioner has failed to meet his burden in this regard.

## IV.  CONCLUSION

For all of the reasons above, the Petition and Amended Petitioner (Dkts. 1, 3) are DENIED.

The Clerk of the Court is directed to provide this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
May 5 , 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[4] Petitioner cites a case purporting to be referred to as "*Aguilar Rodriguez v. Bacon.*" Dkt. 6 at 4.  The Court searched on both CM/ECF and on Westlaw and could not locate a relevant decision in this jurisdiction and without further information was unable to determine from where this alleged case might be derived.